Hough, J.
By the record in this case, we have before us the legislation passed by the city council of Cincinnati for the improvement of Beekman street, as well as the fact that in the construction of the improvement a subterranean conduit was built, intended to be utilized, and later so utilized, for the purpose of carrying the surface and storm-water drainage and the sanitary sewage.
Counsel for plaintiff in error urge want of authority on the part of the city to construct the sanitary sewer, for the reasons: 1. That the legislative action of the council did not provide that authority. 2. That the authority could not be provided except by action of council in a separate set of legislative enactments.
The resolution of necessity and the ordinance to proceed thereunder provide in part as follows:
*270 ‘ ‘ To improve Beekman Street * * * by grading, setting granite curbs and granite gutters, paving the roadway with tar-binder macadam, and constructing the necessary drains, basins and retaining walls, in accordauce with, ’ ’ etc.
This action was taken no doubt under the usual statutory authority for street improvements, and the assessments against the abutting property made under the same authority.
Section 3812, General Code, provides in part as follows:
“Council of any municipal corporation may assess upon abutting, adjacent and contiguous or other specially benefited lots or lands in the corporation any part of the entire cost and expense connected with the improvement of any street * * * by grading, draining, curbing, paving,. repaving, repairing, constructing sidewalks * * * retaining walls, sewers, drains, water-courses, water-mains or laying of water pipe.”
From the reading of the above section it is clear that city council may provide for the assessment of property benefited by the construction of sewers, and from an examination of the proceedings had in this case it is just as clear that it did not provide in its proceedings for the construction of any sewer in connection with the improvement. Although the legislature had given it that authority, the council in this improvement did not take advantage of the authority given and did not provide for the construction of a sewer, but only for the construction of the necessary drains.
Before private property may be assessed for an improvement the city must have acquired full juris *271 diction by proper proceedings of its legislative body. This question has recently been before this court in the case of Roebling v. City of Cincinnati, 102 Ohio St., 160, where it is said in proposition 1 of the syllabus :
‘ ‘ The term ‘ drains-, ’ as used in Section 3812, General Code, is not synonymous or interchangeable with the term ‘sewers,’ as used in the same section. Each has a common ordinarily accepted meaning of its own, and legislation by the council of a municipal corporation for the improvement of a street by paving, and providing for the construction of the necessary drains as an incident thereto, is not broad or comprehensive enough to clothe the city with jurisdiction to construct a sanitary sewer thereunder.”
While no objection can be made to the construction of one subterranean conduit that will carry both the surface drainage and the sanitary sewage, and in fact it may be said that that appears to be a splendid arrangement and should be mechanically correct from an engineering standpoint, as well as economical, yet at the same time the controlling question is whether or not the city had the authority so to do. And from the record before us we must hold that while the statute has granted the authority to the municipality to construct the subterranean improvement that was constructed, it was done under proceedings of council that failed to take advantage of given authority, by broadening the scope of its legislative action to include “sewers.” The legislature in setting out the elements for which assessments may be levied, in street improvements, under Section 3812, General Code, mentions both drain and sewer. This inclines ns to the belief that the terms *272 were not intended to mean one and the same thing, as was discussed and held in the Roebling case, supra.
The other question urged is that the city would not be authorized to build a sanitary sewer unless separate proceedings for that purpose were passed to accomplish it. It is claimed that that must be so in order to conform to the provisions of Section 4226, General Code, which reads:
“No ordinance, resolution or by-law shall contain more than one subject, which shall be clearly expressed in its title.”
As we have stated above, council under Section 3812, General Code, is granted the power to build “sewers.” This section is the first section in Chapter 5, upon the subject of assessments. Under the subhead of “sewers,” in the same chapter, Section 3871 provides in part as follows:
“In addition to the power herein conferred to construct sewers and levy assessments therefor, council * * * may provide a system of sewerage * *
And, again, in Section 3882, we find:
“Council may provide for the construction of main drains and branch drains connecting therewith without previously adopting any plan of sewerage * *
Thus it appears that in the same chapter of the General Code three different methods of procedure for the construction of sewers are in force.
Inasmuch as the sewer was built under the proceedings for the improvement of this street, we have no hesitancy in holding that of the three methods provided the one attempted was under Section 3812, and that the “subject” of the legislation under the *273 proceedings before us is the “improvement” of the street. Should the. city council' attempt to pave a street under Section 3812, and then attempt to construct a sanitary sewer under either Section 3871 or Section 3882, we could see some merit in the contention of counsel that there would be more than one subject, which would necessitate separate proceedings.
How the court of appeals resolved the conflicting testimony of the two engineers we are not able to ascertain. The journal entry fails to throw any light upon it, and it is uncertain whether the question of fact was resolved against the plaintiff and in favor of the city or whether the holding turned upon a question of law. The combined sewer and drain might very properly be less expensive than a separate sewer and drain, but that a drain may be constructed in such manner as to accommodate the additional burden resultant to a sewer system, without materially affecting the cost of construction, seems unlikely, and such assumption is untenable. We therefore assume that the decision of the court of appeals turned on the question of law.
It is therefore the judgment of this court that the judgment of the court of appeals be reversed and the case remanded; that the temporary injunction heretofore allowed and later vacated be reinstated as against the collection of the assessments against plaintiff’s property; that a mandate go to the court of appeals to find and determine the amount of the additional cost, if any, of this subterranean conduit, occasioned by reason of its being constructed to accommodate the sanitary sewage in connection with the improvement; that after such determination the *274 collection of the pro rata amount against this property, or any amount assessed in excess of the reasonable cost of drains to adequately carry away the surface water in the street improvement area, be permanently enjoined; and that the injunction as to all other assessments be vacated.

Judgment reversed.

Marshall, C. J., Johnson, Robinson, Jones and Matthias, JJ., concur.